CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability. Defendants are respectively the employer and its insurer. From an adverse judgment, the plaintiff appealed.
The substantial issue is whether plaintiff suffered any disability from the alleged 1966 accident.
Plaintiff is a heavy equipment operator. His petition alleges the date of the accident was July 25, 1966. He and two eyewitness co-workers, Harry Burnett and Tracy Willard, testified that plaintiff was backing a small tractor onto a truck float. The rear end of the tractor raised up 2 or 3 feet and fell back to the bed of the float. Plaintiff experienced no immediate symptoms of injury, did not complain of pain to anyone and continued to work the rest of the day. He says that the next day his neck became sore and stiff and he reported the accident to the master mechanic, Mr. Carlock. Also several days later he reported ft to the “safety man”, Mr. Bourgeois.
The date of the accident is important because on July 30, 1966 plaintiff went to see his own physician, Dr. Roderick Perron, a general practitioner of Mamou. On that occasion he made no complaints whatever as to a neck injury. Plaintiff had passed a kidney stone on July 12, 1966, resulting in irritation and infection for which he consulted Dr. Perron on July 30, 1966 and for which condition the doctor prescribed treatment.
Plaintiff returned to Dr. Perron on August 5, 1966. It was on this occasion that he first complained of a neck injury. He related to the doctor that his neck was injured as a result of being jarred while loading a.tractor on a float. Dr. Perron’s records show that he entered the date of the accident as July 25, 1966.
The plaintiff now contends that actually the accident did not occur until August 1, 1966. Hence, he made no complaint of neck injury when he visited Dr. Perron on July 30, 1966. He explains he simply has a bad memory for dates and that he gave Dr. Perron the wrong date; and this error was continued in all the following reports, histories, etc., and even in his petition in the present case. It was not until during the trial that the importance of the date developed.
Plaintiff never did stop working as a heavy equipment operator. However, after he reported the accident and his neck complaints to his employer, he was assigned to cranes, compressors and other equipment which did not jar his neck.
During the months that followed the alleged accident, plaintiff was seen by several doctors'who testified substantially as indicated. Dr. Robert C. Looney, a general practitioner of Lake Charles, saw plaintiff on September 15th and 22nd, 1966. This physician testified plaintiff had early os-theoarthritic changes in the cervical vertebrae, that he is 50 years of age and he had a “minor neck condition” which is very common to men of this age who work hard. He was of the opinion plaintiff was not disabled from working as an operator of heavy equipment.
Plaintiff was seen on October 21, 1966 by Dr. Jerome W. Ambrister, an orthopedic surgeon of Lake Charles. Of course, the history showed it was then 3 months after the alleged accident and plaintiff had continued to work. Dr. Ambrister stated: “Examination of the neck revealed some limited flexion on physical examination and was thought possible to represent the residual of a straining injury which had been superimposed upon minimal cervical *488 arthritis at the cervical 4 — 5 level.” This physician expressed the opinion that plaintiff was not disabled from continuing his work as a heavy equipment operator and that within 3 months even the minimal symptoms would disappear.
Plaintiff was seen on March 3, 1967 by Dr. Charles V. Hatchett, an orthopedic surgeon of Lake Charles. This physician had seen plaintiff after a prior 1963 accident, in which he fell and twisted his back, sustaining injuries to the cervical and lumbar areas. The record shows that following a period of several months of disability, plaintiff settled his workmen’s compensation claim in 1964 for $3,750 and shortly thereafter returned to work. On the occasion of the March 3, 1967 visit, plaintiff gave Dr. Hatchett a history of having reinjured his neck on July 25, 1966 while loading a tractor on a float. This physician thought that plaintiff “would be able to continue his present duties as indicated by the fact that he was doing them without too much trouble.” However, based on plaintiff’s subjective complaints of pain in the cervical area, Dr. Hatchett recommended physical therapy and, if the symptoms persisted, a neurological consultation for the purpose of determining any possible herniated disc. On the last visit to Dr. Hatchett, September 22, 1967, this physician concluded that if plaintiff had suffered a cervical strain he had recovered and that he was not disabled from working as a heavy equipment operator.
Following Dr. Hatchett’s 'suggestion, plaintiff was seen on October 3, 1967 by Dr. M. E. Faulk, a neurosurgeon of Beaumont, Texas. This physician found no herniated cervical disc or any other abnormal neurological condition. He was of the opinion plaintiff was not disabled from performing the duties of a heavy equipment operator.
Dr. James M. Swain, a radiologist of Lake Charles, examined and compared x-rays of plaintiff’s back beginning with an accident in 1955 and including those incident to the accidents in 1963 and 1966. He found evidence of a bone injury to C-5 following the 1955 accident. In essence this physician was of the opinion that plaintiff had some minimal neck condition beginning in 1955, but the findings were consistent with plaintiff’s age, there was no subluxation (dislocation) of the cervical vertebrae and there was nothing to indicate any residuals of the 1966 accident.
As against the testimony of the various physicians outlined above, we have that of Dr. Perron, who has continued to see plaintiff as the treating physician. Actually, Dr. Perron is of the opinion that plaintiff suffered a herniated cervical disc in the 1963 accident. Despite the conclusions of the specialists, Dr. Perron persists in the opinion that plaintiff has a herniated cervical disc which disables him from work as a heavy equipment operator.
The trial judge attached particular significance to his finding that the accident occurred on July 25, 1966 and no complaint of neck symptoms was made to Dr. Perron on the visit of July 30, 1966. We agree that a preponderance of the evidence shows the alleged incident regarding the loading of the tractor did indeed occur on July 25, 1966. This is one of the factors leading to a conclusion that there are no disabling residuals of the 1966 incident.
Additionally, we think that, regardless of the date of the alleged accident, the expert medical testimony as a whole shows by a preponderance that although plaintiff has minimal cervical difficulties relating back to the 1955 and 1963 accidents, these symptoms are not disabling. Furthermore, the expert medical testimony does not show any causal connection between the 1966 incident and plaintiff’s subsequent minimal symptoms in the cervical area.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.